[No. 27548.    Department Two.    July 3, 1939.]

THE CITY OF SEATTLE, *Respondent*, v. WILLIAM R. BELL, *as Police Judge, Appellant.*[1]

*Edgar S. Hadley,* for appellant.

*A. C. Van Soelen, C. V. Hoard,* and *Tom M. Alderson,* for respondent.

SIMPSON, J.—This is an appeal from a judgment of the superior court entered after a hearing upon a writ of certiorari issued out of that court and directed to William R. Bell, as police judge of the city of Seattle.

December 16, 1938, upon petition of J. Bruce Mac-Dougall, acting city attorney of the city of Seattle, the superior court of King county issued a writ of

[1]Reported in 92 P. (2d) 197.

certiorari directed to William R. Bell, as police judge, commanding him to certify and transmit to the superior court all records and proceedings of the police court in the criminal action of the city of Seattle against E. Rogers and D. Campbell.

In response to the writ, the police judge transmitted the records to the superior court December 19, 1938. The records disclosed that, October 25, 1938, criminal complaints were filed in the police court of the city of Seattle charging E. Rogers and D. Campbell with the commission of a misdemeanor prohibited by §§ 245, 246 and 276 of Ordinance No. 48022. These sections read:

"Sec. 245. Any person violating or failing to comply with any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine in any sum not exceeding Three Hundred ($300.00) Dollars, or by imprisonment in the city jail for a period not exceeding ninety (90) days, or by both such fine and imprisonment."

"Sec. 246. Every person concerned in any act or omission in violation of this ordinance, whether he directly performs or omits to perform any act in violation of this ordinance, or aids or abets the same, whether present or absent, and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit such violation is, and shall be, a principal under the terms of this ordinance and shall be proceeded against and prosecuted as such."

"Sec. 276. It shall be unlawful for any person either as principal, managing agent or supervisor, or as solicitor, collector, or salesman, to solicit, collect or receive money or property, or to solicit the sale of or to sell an article or thing or ticket of any kind where it is represented that the proceeds of such solicitation and/or sale, or any part thereof, are to be used for purposes of charity, relief or benefit, and where any person engaged in and about such solicitation and/or

sale receives, or is to receive, directly or indirectly, compensation or reward therefor, or where the person or agency doing the soliciting withholds a portion of the proceeds thereof as compensation or reward, unless a 'Charity Solicitation License' and a 'Charity Solicitor's License' are obtained for each drive or campaign for funds or property, according to and in compliance with the provisions of Ordinance No. 48022, as amended, and this ordinance. Such 'Charity Solicitation License,' the fee for which is hereby fixed in the sum of One Thousand Dollars, ($1,000.00) shall be obtained by the person in charge of solicitations, and a 'Charity Solicitor's License,' the fee for which is hereby fixed in the sum of One Hundred Dollars, ($100.00) shall be obtained by each solicitor, collector or salesman. The provisions of this ordinance shall not apply to the annual campaign of the Seattle Community Fund."

The charge in each case recited that the defendant

". . . as principal, managing agent or supervisor, and as solicitor, collector and salesman, did solicit, collect and receive money for the sale of tickets and he did represent that the proceeds of such solicitation and/or sale or any part thereof are to be used for purposes of charity, releif or benefit and did receive for such solicitation and/or sale or is to receive directly or indirectly compensation or reward therefor without having a license so to do."

It further appeared that the defendants were arrested, brought before the court, entered pleas of not guilty, and orally demurred to the complaint

". . . on the ground and for the reason that Sections 276, 245 and 246 of Ordinance No. 48022, as amended, on which the said complaint herein is based, are unconstitutional and void and that said complaint fails to state a cause of action or to charge a crime against the defendants."

The demurrers were sustained.

In the superior court, the police judge presented a motion to dismiss the writ upon the ground:

"(1) That said Writ does not lie, in that the Plaintiff, The City of Seattle, *have* a plain, speedy and adequate remedy at law, by appeal.

"(2) That the Plaintiff gave notice in open Court that it appealed from the decision rendered in the Complaints designated as, The City of Seattle vs. D. Campbell and E. Rogers, respectively."

After a hearing, the court entered an order denying the motion, and decreed that the order of the police judge in sustaining the demurrers of defendants Rogers and Campbell be annulled and set aside. The police court was directed to take further proceedings in the cases against Rogers and Campbell consistent with the terms of the judgment.

William R. Bell, as police judge, has appealed from the judgment of the superior court, urging that the court erred in not holding the ordinance to be unconstitutional and in violation of Art. I, § 12, of the constitution of the state of Washington and Art. I of the fourteenth amendment of the constitution of the United States, in granting the writ of certiorari, and in directing that the defendants be held for trial.

Respondent has presented a motion asking that this appeal be dismissed upon two grounds: First, that the order appealed from is not a final appealable order; and, second, that the appeal was not taken within five days after the entry of the order of judgment of the superior court.

■ The first ground upon which the motion is based was decided adversely to respondent's contention. *Seattle v. Pearson*, 15 Wash. 575, 46 Pac. 1053; *State ex rel. Brown v. Brinker*, 114 Wash. 47, 194 Pac. 574; *State ex rel. Foley v. Yuse*, 191 Wash. 1, 70 P. (2d) 797. We are not inclined to depart from the rule announced in those cases.

The record discloses that the judgment of the superior court was signed and filed January 3, 1939, and the notice of appeal was filed in the county clerk's office January 13, 1939.

Respondent contends that the nature of the proceedings reviewed determines whether the certiorari proceeding assumes a civil or a criminal character, and since this is a criminal proceeding, it falls within Rule XII, 1(a), Rules of Court, 193 Wash. 14-a, requiring the filing of the notice of appeal to this court within five days after the entry of the judgment.

Rule XII reads in part:

"1. (a) In criminal causes, in order to initiate an appeal, notice of such appeal to the supreme court shall be given in open court at the time, or written notice of appeal shall be served upon the prevailing party and filed in the office of the clerk of the superior court within five days after the entry, of judgment or order from which the appeal is taken.   .   .   .

"3. (d)   .   .   . Except as herein otherwise provided, the giving of the notice of appeal and the filing in the supreme court of a certified statement of facts, certified transcript of record, abstract of record, and appellant's opening brief, shall be jurisdictional."

The question presented on this issue is whether or not the writ of certiorari obtained in the superior court was a criminal cause within the purview of the above quoted rule.

We have held in civil cases that, in the absence of very extraordinary extenuating circumstances, the writ of certiorari must be applied for within the time fixed for taking an appeal. *State ex rel. Tumwater Power & Water Co. v. Superior Court,* 56 Wash. 287, 105 Pac. 815; *State ex rel. Jakubowski v. Superior Court,* 84 Wash. 663, 147 Pac. 408; *State ex rel. Neal v. Kauffman,* 86 Wash. 172, 149 Pac. 656; *State ex rel. Barry v. Superior Court,* 179 Wash. 55, 35 P. (2d) 1095.   In particu-

lar cases in which a given statute prescribed that an appeal must be taken within a shorter time than that allowed for ordinary appeals in civil actions, the application for a writ of certiorari must be made within such statutory period. *State ex rel. Alexander v. Superior Court,* 42 Wash. 684, 85 Pac. 673; *State ex rel. Clark v. Superior Court,* 167 Wash. 481, 10 P. (2d) 233; *State ex rel. Bremerton Bridge Co. v. Superior Court,* 194 Wash. 7, 76 P. (2d) 990.

A criminal case or cause may be defined to be an action, suit, or cause instituted to punish infraction of criminal laws. *Taylor v. Goodrich,* 25 Tex. Civ. App. 109, 40 S. W. 515.

Notice of appeal must be given within thirty days in ordinary civil actions, and in criminal causes notice of appeal must be given within five days. Since we have uniformly held that, in civil actions, in the absence of unusual mitigating circumstances or a specific statute, an application for a writ of certiorari must be made within the general period provided for appeals by Rule V-1, 193 Wash. 4-a, it must necessarily follow that, in the absence of extraordinary conditions or specific statute, an application for a writ of certiorari in a criminal cause must be made within the five day period in accordance with Rule XII, 193 Wash. 14-a.

Criminal complaints were filed in the police court against two individuals charging them with the commission of a misdemeanor by reason of their violation of ordinance No. 48022 of the city of Seattle. It is clear that, in its inception, the proceeding before the police court was essentially a criminal cause. We hold that the certiorari proceedings which followed did not divest the case of its criminal character. If the case is a criminal action at the outset, the rules applicable to criminal causes continue to operate during all phases of the trial, including appeal. Since the notice of ap-

peal to this court was not given within the time fixed by the rule relative to criminal appeals, this appeal must be dismissed.

It is so ordered.

BLAKE, C. J., STEINERT, BEALS, and GERAGHTY, JJ., concur.