[No. 27971. *En Banc.* October 24, 1940.]

THE CITY OF SEATTLE, *Appellant,* v. E. ROGERS, *Respondent.*[1]

32

*A. C. Van Soelen, Bruce MacDougall,* and *C. V. Hoard,* for appellant.

*Jeffrey Heiman* and *Edgar S. Hadley,* for respondent.

BEALS, J.—October 25, 1938, the city of Seattle filed before the police judge for Seattle precinct a complaint charging the defendant, E. Rogers, with violation of § 276 of city ordinance No. 48022, as amended by ordinance No. 66974. The section above referred to reads as follows:

"It shall be unlawful for any person either as principal, managing agent or supervisor, or as solicitor, collector or salesman, to solicit, collect or receive money or property, or to solicit the sale of or to sell an article or thing or ticket of any kind where it is represented that the proceeds of such solicitation and/or sale, or any part thereof, are to be used for purposes of charity, relief or benefit, and where any person engaged in and about such solicitation and/or sale receives, or is to receive, directly or indirectly, compensation or reward therefor, or where the person or agency doing the soliciting withholds a portion of the proceeds thereof as compensation or reward, unless a 'Charity Solicitation License' and a 'Charity Solicitor's License' are obtained for each drive or campaign for funds or property, according to and in compliance with the provisions of Ordinance No. 48022, as amended, and this ordinance. Such 'Charity Solicitation License,' the fee for which is hereby fixed in the sum of One Thousand ($1,000.00) Dollars, shall be obtained by the person in charge of solicitations, and a

'Charity Solicitor's License,' the fee for which is hereby fixed in the sum of One Hundred ($100.00) Dollars, shall be obtained by each solicitor, collector or salesman. The provisions of this ordinance shall not apply to the annual campaign of the Seattle Community Fund."

Apparently, defendant was charged with conducting a so-called charity campaign for the raising of funds on behalf of an Elks organization (colored), which proposed to give a Christmas party for under-privileged children. When the case was called for trial before the police judge, the defendant orally demurred to the complaint, on the ground that the section of the ordinance above quoted was discriminatory and in violation of both the Federal and the state constitutions, and was for this reason invalid. The defendant's oral demurrer was sustained by the police judge and the action dismissed, whereupon the city brought the matter before the superior court for review by way of a writ of certiorari.

In due time, the superior court ruled that the ordinance was constitutional, and that the police judge had erred in sustaining the defendant's demurrer to the complaint, and the cause was remanded to the police court for trial. The police judge attempted to appeal to this court from the judgment of the superior court, but his appeal was dismissed. *Seattle v. Bell,* 199 Wash. 441, 92 P. (2d) 197. The case was then remanded to the police court for trial, the defendant's demurrer was overruled, and the trial of the defendant resulted in his conviction, from which judgment the defendant appealed to the superior court.

On the retrial of the cause before a jury in the superior court, the jury returned a verdict of guilty, whereupon the defendant filed a motion in arrest of judgment, again urging that the ordinance above re-

ferred to, and under which he had been convicted, was unconstitutional. The plaintiff city contended, first, that the judgment of the superior court in the certiorari proceeding had established the validity of the ordinance as the law of the case, and second, that the ordinance is constitutional. The trial court held that the ordinance is void, granted the defendant's motion in arrest of judgment, and entered an order directing that he be discharged from custody. From this order, the city has appealed to this court, thereby presenting the legal questions involved.

Appellant assigns error upon the ruling of the trial court to the effect that the law of the case was not established by the judgment of the superior court in the certiorari proceeding, and upon the ruling of the trial court that the city ordinance is unconstitutional.

We shall first discuss appellant's contention that the ruling of the superior court in the certiorari proceeding became the law of the case, and was thereafter binding on the superior court at the time of the trial before that tribunal. It does not appear that respondent was a party to the certiorari proceeding. *Seattle v. Bell, supra.* In any event, the first ruling of the superior court was subject to reconsideration and revision when the same question was again presented to that court during respondent's trial. The superior court, on respondent's appeal from his conviction before the police judge, was required to try the case *de novo.* We are not inclined to hold that, at the time referred to, the superior court was bound by the prior ruling of that court in the certiorari proceeding. This assignment of error is without merit.

A more difficult question is presented in connection with appellant's argument that the city ordinance under which respondent was convicted is constitutional.

██ At the outset, it may be admitted that the ordinance is regulatory, practically prohibitory, in its nature, and not a revenue measure. It is an exercise of the city's police power, which the city exercises within its jurisdiction to practically the same extent as the state itself. *Spokane v. Coon*, 3 Wn. (2d) 243, 100 P. (2d) 36. A somewhat similar regulatory ordinance was held valid in the case of *State v. Pitney*, 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A, 209, which case was cited with approval in the later case of *Tacoma v. Fox*, 158 Wash. 325, 290 Pac. 1010.

The section of the ordinance above quoted applies only to solicitations for charity, relief, or benefits, in connection with which the manager or solicitor is to receive

". . . directly or indirectly, compensation or reward therefor, or where the person or agency doing the soliciting withholds a portion of the proceeds thereof as compensation or reward."

It appears that respondent, under his contract with the lodge, was to solicit funds in the name of the lodge, he to pay to the lodge twenty dollars a week for seven weeks, and ten dollars for one week, all sums which he collected in excess of these amounts to be retained by him, he paying therefrom the expenses of the campaign. It might well be said that respondent merely paid for the privilege of using the name of the lodge as camouflage for a money-raising venture. Such campaigns are extremely objectionable, and amount practically to a fraud upon the public, whose money is solicited apparently for the benefit of some charity and is then, to a considerable extent, diverted to the private profit and gain of the soliciting agency.

Such matters well deserve the attention of the legislative authorities of municipal corporations. By the objectionable practices of unscrupulous persons, the

public is imposed upon, to the prejudice of worthy and proper charities, which naturally suffer when the confidence of the public in campaigns for the raising of money for charity is lessened or destroyed. Clearly, the city had the right to enact such legislation, and the law is not unconstitutional as unreasonable or in excess of the police power of the city.

■ The serious question presented is respondent's contention that the ordinance is discriminatory and void, under Art. I, § 12, of the constitution of this state, which reads as follows:

"No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

Respondent argues that the section of the ordinance above quoted is unconstitutional because it provides that the provisions of the ordinance "shall not apply to the annual campaign of the Seattle Community Fund."

Proper legal classifications have often been upheld, and we are mindful of the rule that every reasonable presumption is in favor of the constitutionality of a law or ordinance. *Spokane v. Coon, supra.*

The paragraph of the ordinance above quoted does not purport to exempt any class from the payment of the license fee, but designates by name one specific "campaign" to which the ordinance shall not apply. It is admitted that, in conducting the annual drive for raising money for the Seattle Community Fund, the manager and at times certain solicitors or collectors are paid for their services.

It must be recognized that solicitation of funds for alleged charitable purposes constitutes a plan or scheme which is susceptible of great abuse by unscrupulous persons seeking their own selfish profit.

While we know that the group of persons who each year raise money for the Seattle Community Fund are most of them donating their time and service, and that only a reasonable portion of the money which is raised is appropriated to necessary expenses, nevertheless it is apparent that, on the facts, the ordinance, by its terms, applies as well to the community fund as to the veriest racketeer. Apparently the ordinance provides for an arbitrary exemption of one particular activity, doubtless because the city council was convinced that the exempted campaign was worthily and honestly conducted and resulted in benefit to the public, while many others should be classified as no better than frauds. It should be noted, however, that a perfectly worthy campaign, whose operation could be subject to no adverse criticism, would be practically barred by the ordinance, as well as less righteous campaigns and those which are fraudulent and entirely unworthy of consideration.

Appellant cites several of our decisions in which city ordinances were upheld in the face of arguments that the same were unconstitutional as discriminatory. *Smith v. Spokane,* 55 Wash. 219, 104 Pac. 249; *State v. Lovelace,* 118 Wash. 50, 203 Pac. 28; *Cornelius v. Seattle,* 123 Wash. 550, 213 Pac. 17. These cases all involved ordinances regulating the collection and disposal of garbage, a matter which vitally concerns the health of the people. The cases differ materially from that at bar, and the decisions cited are not in point.

Appellant then argues that the "classification" made by the ordinance in question is a proper one; but the ordinance now before us does not make any classification. It simply arbitrarily exempts one particular "campaign" by name, and so far as the terms of the ordinance are concerned, it might as well have exempted an activity on behalf of some one particular

orphanage, church, or hospital. This goes beyond the rules laid down by the supreme court of the United States in the case of *Lindsley v. Natural Carbonic Gas Co.*, 220 U. S. 61, 55 L. Ed. 369, 31 S. Ct. 337, Ann. Cas. 1912C, 160, in which the supreme court approved the doctrine that there is included in the state's power to classify the right to exercise "a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary."

The statute considered in the case last cited differs greatly from the ordinance now before us.

We are also mindful of the principle that courts must look to the effect and not to the form of the classification. 16 C. J. S. 229-230.

Appellant also argues that the Seattle Community Fund is in a class by itself, and that the city council was justified in so treating it for legislative purposes. This may be, in fact, true; but courts, in obeying the mandate of the constitution, must hold the legislative authorities of the state to the exercise of their powers by constitutional methods.

Appellant also argues that respondent cannot raise the question of discrimination in favor of a class to which he does not belong; but appellant is seeking to convict respondent of an offense against the ordinance, and respondent may attack the ordinance upon the ground that its operation is unequal, in violation of the constitutional provision.

The judgment appealed from is affirmed.

ALL CONCUR.