[No. 27970. *En Banc.* October 24, 1940.]

THE CITY OF SEATTLE, *Appellant*, v. R. C. BARTLETT, *Respondent.*[1]

A. C. *Van Soelen, Bruce MacDougall,* and *C. V. Hoard,* for appellant.

*Jeffrey Heiman* and *Edgar S. Hadley,* for respondent.

PER CURIAM.—This is a companion case to that of *Seattle v. Rogers, ante* p. 31, 106 P. (2d) 598. R. C. Bartlett was charged with violation of the same city ordinance referred to in the case cited, to the opinion in which case reference is made for a statement of the basic facts. The two cases were consolidated for briefs and argument before this court.

R. C. Bartlett was charged before the police court for Seattle precinct with violation of ordinance No. 48022, as amended, it being alleged that he had solicited money for a supposed charitable or beneficent purpose, without procuring a license, as required by the ordinance. The defendant was convicted, and appealed to the superior court, where he was again placed upon his trial. At the close of plaintiff's case, the defendant challenged the sufficiency of the evidence, upon the sole ground that the section of the ordinance under which he was prosecuted was discriminatory and invalid, as contrary to Art. I, § 12, of the constitution of the state of Washington. The trial court sustained the defendant's challenge and, after denying the city's motion for a new trial, entered an order discharging the defendant, from which order the city has appealed.

It appeared that respondent, acting under the name of "Go-to-Church Foundation," solicited funds for a go-to-church campaign, selling adhesive wafers, or "stamps," which the purchaser was supposed to place upon the backs of envelopes containing letters to be deposited in the United States mails.

It appeared that respondent had entered into a tentative or proposed written agreement with a Seattle church organization, under the terms of which the church was to receive fifteen per cent of the funds collected by respondent or his agents, the balance of eighty-five per cent to be appropriated to the payment of solicitors and the salary of the supervisor, these two items amount-

[1]Reported in 106 P. (2d) 601.

732

ing to thirty-five per cent of the receipts, and the balance of fifty per cent to respondent, to cover other expenses and his own compensation. The church authorities rejected the proposed contract, and no such contract between respondent and the church ever became effective. Respondent nevertheless solicited funds for his campaign, and because of such solicitation was charged under the ordinance.

For the reasons stated in the opinion in the case of *Seattle v. Rogers, supra,* the judgment appealed from is affirmed.