[No. 30757. Department Two. February 7, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID ANDERSON, *Appellant*.[1]

*M. E. Mack*, for appellant.

*Leslie M. Carroll* and *Dudley L. Wilson*, for respondent.

[1]Reported in 202 P. (2d) 459.

GRADY, J.—The appellant was tried in the superior court of Washington for Spokane county upon the charge of assault in the third degree and acquitted by the jury. He filed a verified cost bill in the same cause and made a motion that the items therein be allowed. On May 15, 1948, the court made an order allowing some items of the cost bill and disallowing others. On June 4th, the appellant filed a notice of appeal from the order of the court and, on June 9th, deposited two hundred dollars with the clerk of the superior court in lieu of bond on appeal upon the theory that the appeal proceeding was civil in character.

The respondent in its brief has challenged the jurisdiction of this court to hear and determine the appeal on its merits upon the ground that this is an appeal in a criminal cause, and, notice of appeal not having been filed within five days from the making of the order appealed from, this court has not acquired jurisdiction of the cause. The jurisdiction of the court being challenged, we must pass upon that question before we can consider the case on its merits.

Rule 12 of the supreme court provides that no appeal in a criminal case shall be effectual unless notice of appeal shall have been given in the manner and at the time specified, and such time is within five days after the entry of the order from which the appeal is taken. If this is an appeal in "a criminal cause," then it was not timely taken.

The case of State of Washington v. David Anderson from its inception has been a criminal cause. The final judgment was upon a verdict of a jury of not guilty. The cause was not ended by the entry of the judgment, because the appellant had the right to proceed further therein and have the costs to which he might be entitled taxed in his favor. This he proceeded to do by filing in the cause a verified cost bill and moving that the items therein be allowed. The court acted upon the motion and made the order from which this appeal has been taken. The proceedings which followed the judgment on the verdict of the jury did not divest the cause of its criminal character.

In the case of *Seattle v. Bell*, 199 Wash. 441, 92 P. (2d) 197, we held that certiorari proceedings in a criminal case

before a justice court to the superior court did not divest the case of its criminal character, and in *State v. Nelson*, 6 Wn. (2d) 190, 107 P. (2d) 1113, we held that, when a defendant in a criminal case brought a proceeding to secure an order of the court vacating a judgment on a verdict of guilty, it was a proceeding in a criminal cause.

In these cases, jurisdictional steps on appeal to this court were not taken within the times prescribed by our rules, and the appeals were dismissed. The test seems to be whether the action taken by a defendant in a criminal cause divests the case of its criminal character. The applicable rule is that, if the case is a criminal one at the outset, the rules pertaining to criminal causes continue to operate during all phases of the trial, including any appeal taken.

The proceedings for taxing costs are a part of a criminal cause, and an appeal from any appealable order must be taken pursuant to Rule 12. The appellant not having complied with Rule 12 as to the giving of his notice of appeal, this court has not acquired jurisdiction to review such order, and the appeal must be dismissed. It is so ordered.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.