Alfred HOLMES, Oliver W. Holmes and Dr. H. M. Holmes,

v.

CITY OF ATLANTA et al.

No. 15267.

United States Court of Appeals Fifth Circuit.

June 17, 1955.

## 94

E. E. Moore, Jr., Atlanta, Ga., Jack Greenberg, Robert L. Carter, Thurgood Marshall, New York City, R. E. Thomas, Jr., S. S. Robinson, Atlanta, Ga., for appellants.

J. C. Murphy, J. C. Savage, Martin McFarland, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Atlanta, Ga., for appellees.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Alleging that they and others similarly situated were discriminatorily [1] and in violation of their civil rights being denied access to, and the right and privilege of playing golf on, the Bobby Jones Golf Course and other municipal golf courses provided and maintained by the City of Atlanta, appellants brought this suit for a declaratory judgment, for damages, and for an injunction.

Plaintiffs having withdrawn their claim for damages, and defendants their demand for a jury, the district judge, finding the facts to be established substantially as alleged by plaintiffs and that they were entitled to the declaration [2] and injunction [3] prayed for, en-

1. Alleging the existence of an ordinance of the City of Atlanta, Section 68–126, Code of the City of Atlanta, making it unlawful for colored people to frequent parks owned and maintained by the City for use of white people and unlawful for white people to frequent or use any park maintained by the City for the use and benefit of colored persons, the complaint further alleged that defendants "have enforced, executed and pursued, and are enforcing, executing and pursuing a policy, custom, usage and practice of denying to plaintiffs, and other Negro citizens similarly situated, admission to and the use of the Bobby Jones Golf Course, or any of the other five or more golf courses owned, maintained and operated by the City of Atlanta, Georgia, solely because of their race or color; that said policy, practice, custom and usage enforced, executed and pursued by said defendants deprive plaintiffs, and other Negro citizens similarly situated, because of their race or color, the right and privilege afforded white persons of admission to and the use of the Bobby Jones Golf Course or to any of the five or more public golf courses provided, established, owned, maintained and operated by the City of Atlanta, Georgia."

2. That "This Court enter a judgment and decree declaring the policy, practice, custom and usage of the defendants of denying plaintiffs, and other Negro citizens similarly situated, permission and admis-

sion to play the game of golf upon said Bobby Jones Golf Course or any of the other public golf courses maintained and operated by said defendants, solely because of the race or color of plaintiffs, while at the same time extending and granting to white persons the right and privilege of admission to play the game of golf upon Bobby Jones Golf Course, and upon all or any of said golf courses, owned, maintained and operated by said defendants, is a denial of the equal protection of the laws to plaintiffs, as guaranteed by the Fourteenth Amendment of the Constitution of the United States, and is, therefore, unconstitutional."

That "This court enter a judgment and a decree declaring that the ordinance of the City of Atlanta, set out in paragraph IX-B of Count One of this complaint, as applied to plaintiffs by said defendants in denying to plaintiffs the right and privilege of admission to play the game of golf upon the Bobby Jones Golf Course, or upon any of the other public golf courses owned, maintained and operated by said defendants, solely because of the race or color of plaintiffs, while at the same time extending and granting to white persons the right and privilege of playing the game of golf upon the Bobby Jones Golf Course, and upon any or all of the other golf courses owned, maintained and operated by the defendants, aforesaid, is a denial to plaintiffs of the

3. See note 3 on page 95.

tered judgment [4] accordingly. D.C., 124 F.Supp. 290.

Appealing from the judgment, plaintiffs are here assigning two specifications of error:

"The trial court erred:

"1. In refusing to rule that appellees were required by the Fourteenth Amendment of the Constitution of the United States to admit appellants and other Negroes similarly situated to public golf facilities subject only to the same rules, regulations and conditions applicable to all other persons.

"2. In failing to enjoin appellees from refusing to admit appellants and other Negroes similarly situated, without more, to the Bobby Jones Golf Course and all other public golf course facilities subject only to the same rules, regulations and conditions applicable to all other persons."

Of the clear opinion, that the judgment in terms accorded plaintiffs all the relief that they asked for, that the specifications, in complaining as error that the court refused and failed to adjudge and order, in accordance with their prayers, are in contradiction of the precise terms of the judgment and are, therefore, without substance, we affirm the judgment, with directions to the district judge: (1) to retain jurisdiction of this cause to take such proceedings and enter such orders at the foot of the decree consistent with the decree as are necessary and proper to fully and promptly effectuate and carry it out; and (2) as promptly as possible, upon the coming down of our mandate, to initiate proceedings to see that his judgment and decree is promptly, in letter and in spirit, made effective.

Judgment Affirmed with directions, and with costs against appellants.

---

equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States, and therefore is unconstitutional and void."

3. That "This court issue a permanent injunction, forever restraining and enjoining the defendants, and each of them, from making any distinction on account of race or color in providing opportunities, advantages and facilities for playing the game of golf upon the public golf courses that are now provided, owned, maintained and operated by the City of Atlanta, or that may be established and constructed by the City of Atlanta hereafter, for the benefit and use of the citiens of the City of Atlanta, Georgia."

4. "The refusing to allow plaintiffs and others similarly situated because they are negroes, to make use, on a substantially equal basis with white citizens of municipal facilities for playing golf is to practice a forbidden discrimination. It is therefore,

Considered, Ordered and Adjudged that the defendants, and each of them, their agents, employees and servants be, and they hereby are restrained and enjoined from refusing to allow plaintiffs and other negroes similarly situated, because

they are negroes, to make use, on a substantially equal basis with white citizens of the municipal facilities for playing golf. The effect of this judgment will for a reasonable time and until the further order of this Court, be postponed in order that the defendants may be afforded a reasonable opportunity to promptly prepare and put into effect regulations for the use of the municipal golf facilities which, while preserving segregation, will be in full and fair accord with its principles. This principle is that the admissibility of laws separating the races in the enjoyment of privileges afforded by the State rest wholly upon the equality of the privileges which the laws give to the separated groups within the State. In applying this principle, that equality of treatment of white and colored citizens must be afforded which will secure to both, complete and full recognition, that, under the Constitution and laws, there are not two classes of citizens, a first and second, but one class, with all of equal rank in respect of their rights and privileges to use and enjoy facilities provided at public expense for public use.

"It is further ordered and adjudged that defendant pay all costs."