**ALTO COMPANY, a Partnership,**

v.

**FISH MANUFACTURING CO., Inc.,**
**Appellant.**

**No. 12286.**

United States Court of Appeals
Third Circuit.

Argued Dec. 16, 1957.

Decided Jan. 20, 1958.

Conder C. Henry, Washington, D. C.
(Edwin E. Greigg, Washington, D. C.,
Alfred W. Seiss, Phillipsburg, N. J., on
the brief), for appellant.

Richard L. Underwood, Washington,
D. C. (Thorn Lord, Trenton, N. J., on the
brief), for appellee.

Before BIGGS, Chief Judge, and
GOODRICH and HASTIE, Circuit
Judges.

PER CURIAM.

We have examined the record in this
case with care and have scrutinized and
weighed all of the contentions of the
parties. The findings of the court below
are adequate and the issues of law were
decided correctly. The conclusions
reached by the court below that Schmidt
was the first and original inventor of the
invention covered by the claims of Pat-
ent No. 2,669,269, that Schmidt and
Shaffer were jointly the first and orig-
inal inventors of the invention covered
by the claim of Patent No. 2,753,907,
that Alto Company is the owner of the
patents, that Fish Manufacturing Co.,
Inc. infringed them, and that Alto was
not guilty of unfair competition, find full
support in the record. The assertion of
Fish that the patents were procured by
fraud is without merit. The judgment
will be affirmed on the opinion of Chief
Judge Forman, D.C., 158 F.Supp. 752.

**CITY OF WEST PALM BEACH and Joe**
**Blank et al., Appellants,**

v.

**Warren H. COLLIE et al., Appellees.**

**No. 16819.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1958.

Robert Beall, Washington, D. C., R.
Bruce Jones, Jones, Adams, Paine &
Foster, West Palm Beach, Fla., for ap-
pellants.

William M. Holland, I. C. Smith, F.
Malcolm Cunningham, Holland & Smith,
West Palm Beach, Fla., for appellee.

Before RIVES, TUTTLE and CAM-
ERON, Circuit Judges.

PER CURIAM.

This appeal from an order granting a
permanent injunction forbidding the de-
fendant City of West Palm Beach, its
golf commission and individual officials
to refuse "to allow the Plaintiffs and
other Negroes similarly situated" to use
the city-owned golf course on the same
basis and upon the same conditions as
white citizens of West Palm Beach, Flor-
ida, are permitted to use the same, is in
all respects ruled by the prior decisions
of this Court in City of St. Petersburg
v. Alsup, 5 Cir., 238 F.2d 830, and New
Orleans City Park Improvement Associa-
tion v. Detiege, 5 Cir., 252 F.2d 122, and
of the Supreme Court in Holmes v. City
of Atlanta, 350 U.S. 879, 76 S.Ct. 141,
100 L.Ed. 776, reversing this Court's de-
cision in 5 Cir., 223 F.2d 93.

Those cases having disposed of the
several contentions here urged by appel-
lants as grounds of reversal, there is no
profit in again beating this thrice-thresh-
ed straw.

The judgment is affirmed.

CAMERON, Circuit Judge.
I dissent.