293 F.2d 585
 Dr. Wright R. ADAMS, Dr. George K. Fenn, Dr. Louis N. Katz,
Dr. Oglesby Paul, Dr. Geza de Takats, Benjamin H. Weisbrod,
and Chicago Heart Association, an Illinois not-for-profit
corporation, Plaintiffs-Appellants.
v.
CITY OF PARK RIDGE, an Illinois municipal corporation,
Raymond Hollis, Mayor, H. D. Morrow, City Treasurer, Paul S.
Badger, City Clerk, Edgar C. Lundberg, Police Magistrate,
Charles F. Christensen, Police Chief, Norman A. Brown, Fire
Chief, James L. Galloway, City Manager, James M. Shedden, L.
R. Chase, Charles V. Kelly, Jr., Norman R. Bond, Donald G.
Rowley, James D. Cole, Lucille Oberly, Edward A. Mosher,
Donald E. Goll, Donald B. Dickson, Robert L. Littick, and
Russell J. Gustafson, aldermen and members of the city
council, of Park Ridge, Illinois, Defendants-Appellees.
 No. 13260.
 United States Court of Appeals Seventh Circuit.
 Aug. 21, 1961, Rehearing Denied Sept. 19, 1961.
 
 Allen D. Holloway, William S. Jacob, John J. Yowell, Alvin V. Nygren, G. Kent Yowell, Chicago, Ill., for appellants.
 Warren L. Swanson, Herbert R. Stoffels, Chicago, Ill., for appellees.
 Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Plaintiffs, Dr. Wright R. Adams, Dr. George K. Fenn, Dr. Louis N. Katz, Dr. Oglesby Paul, Dr. Geza de Takats, Benjamin H. Weisbrod, and Chicago Heart Association, an Illinois not-for-profit corporation, have appealed from an order of the district court dismissing for want of jurisdiction their action against The City of Park Ridge, an Illinois municipal corporation; Raymond Hollis, Mayor; H. D. Morrow, City Treasurer; Paul S. Badger, City Clerk; Edgar C. Lundberg, Police Magistrate; Charles F. Christensen, Police Chief; Norman A. Brown, Fire Chief; James L. Galloway, City Manager; James M. Shedden, L. R. Chase, Charles V. Kelly, Jr., Norman R. Bond, Donald G. Rowley, James D. Cole, Lucille Oberly, Edward A. Mosher, Donald E. Goll, Donald B. Dickson, Robert L. Littick, and Russel J. Gustafson, aldermen and members of the city council of Park Ridge, Illinois. The case was tried without a jury, upon evidence submitted and a stipulation of facts.[1]
 
 
 2
 Plaintiffs assert that this civil action is authorized by 42 U.S.C.A. 1983, which provides:
 
 
 3
 'Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. R.S. 1979.'
 
 
 4
 They also rely upon 28 U.S.C.A. 1343(3)[2] and 2201.[3]
 
 
 5
 The individual plaintiffs sue as representatives of the numerous members of the corporate plaintiff Association.
 
 
 6
 Joined as defendants are the City of Park Ridge, Illinois, and its city officials and members of its city council.
 
 
 7
 Plaintiffs pray for a permanent injunction enjoining the enforcement of an ordinance of the city against plaintiffs and representatives and volunteer workers acting on behalf of plaintiffs and that the court by its judgment find that said ordinance is unconstitutional and void as applied to plaintiffs, as an unauthorized, discriminatory and illegal exercise of police power, under the constitution of the United States, and that a judgment be entered declaratory of the rights of plaintiffs and their agents to solicit funds in said city, and for general relief.
 
 
 8
 1. Defendants contend that a municipal corporation is not subject to suit under 1983. They point out that the remaining defendants are joined only in their official capacities and that they have been dismissed from this action as individuals, that there is no evidence relevant to them as individuals and that certain present officials were substituted in lieu of their predecessors pendente lite.
 
 
 9
 We are aware that it was said in Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492, that a city is not within the ambit of 1983.[4] However, in that case only damages were sought and were held recoverable from the individual defendants, who were policy officers of a city. The facts in Monroe v. Pape suggests several inherent reasons for excluding municipalities from liability for damages, such as unauthorized misconduct of the officers, lack of power of city to indemnify plaintiffs for such misconduct, and a city's governmental immunity in the exercise of its police powers, from liability for injuries inflicted by policemen in the performance of their duties. However, the case at bar is not an action for damages for torts committed. It looks to the future only and asks for a declaratory judgment and an injunction against invasions of plaintiffs' federal constitutional rights contemplated by a municipality's ordinance. None of the reasons which support a city's immunity from an action for damages for tortious injuries already inflicted by its officers, agents or servants applies to this case. No reason is apparent why a city and its officials should not be restrained from prospectively violating plaintiffs' constitutional rights pursuant to its own legislative enactment, and an injunction not be granted as provided in 1983.
 
 
 10
 In the case at bar, plaintiffs are challenging the constitutionality of a municipal ordinance under the due process and equal protection clauses of the fourteenth amendment to the constitution of the United States Cases supporting our conclusion that a city can be restrained in the circumstances in this case include Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776, vacating D.C., 124 F.Supp. 290 and 5 Cir., 223 F.2d 93; City of Greensboro v. Simkins, 4 Cir., 246 F.2d 425; Dawson v. Mayor and City Council of Baltimore, 4 Cir., 220 F.2d 386, affirmed 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774; W. F. Derrington and Harris County, Texas v. Plummer, 5 Cir., 240 F.2d 922, certiorari denied, 353 U.S. 924, 77 S.Ct. 680, 1 L.Ed.2d 719. Cf. Dept. of Conservation etc. v. Tate, 4 Cir., 231 F.2d 615, certiorari denied 352 U.S. 838, 77 S.Ct. 58, 1 L.Ed.2d 56.
 
 
 11
 We, therefore, hold that in this case an action for injunction, as well as for declaratory judgment, is a proper remedy.
 
 
 12
 2. Defendants argue that the term 'other person', as used in 1983, does not include a corporation. For our present purpose, we limit our inquiry to whether the words 'other person' include a corporation which seeks to preserve its rights under the due process and equal protection clauses of section 1 of the fourteenth amendment, which are relied upon by the corporate plaintiff here. We hold in the affirmative. Grosjean v. American Press Company, 297 U.S. 233, 244, 56 S.Ct. 444, 80 L.Ed. 660. Cf. Wheeling Steel Corp. v. Glander 337 U.S. 562, 574-576, 69 S.Ct. 1291, 93 L.Ed. 1544.
 
 
 13
 Inapplicable are cases such as Hauge v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, relied upon by defendants, which involved the privileges or immunities of a citizen of the United States under section 1 of the fourteenth amendment, to be secure against state infringement. Only natural persons are entitled to such privileges and immunities. Hague v. C.I.O., supra, 307 U.S. 512, 514, 59 S.Ct. 954.[5]
 
 
 14
 3. We believe that the record, including the complaint and the court's findings of fact, sustain the representation by the individual plaintiffs of the members of the Association as a class.
 
 
 15
 4. Defendants contend that the district court did not have jurisdiction of this case because no showing was made by plaintiffs that the minimal jurisdictional amount was involved. However, inasmuch as the rights which plaintiffs seek to protect bring the case within the ambit of 28 U.S.C.A. 1343(3), it was not necessary for them to allege or prove any jurisdictional amount. American Federation of Labor v. Watson, 327 U.S. 582, 590.
 
 
 16
 5. Defendants rely on Park Ridge city ordinances enacted in 1928 and 1949. Plaintiffs maintain that the 1928 ordinance of Park Ridge violates the fourteenth amendment to the constitution of the United States.[6] It provides, in part:
 
 
 17
 '1253a. General Provisions.
 
 
 18
 'No person, firm or corporation, charitable or otherwise, shall hereafter beg, collect, solicit, conduct any campaign or conduct what is commonly known as a 'tag day' in Park Ridge, Illinois, for the purpose of obtaining funds for charitable purposes without first having obtained the consent of the City Council. The solicitation and collection of funds for charitable purposes, except pursuant to the authority and under the direction of the City Council, are expressly prohibited.
 
 
 19
 '1253b. Community Chest.
 
 
 20
 'For one week during the spring of each year the Community Council may conduct its annual campaign for the purpose of obtaining funds for the 'Community Chest.' The funds obtained shall be disbursed for such charitable purposes as the Community Council shall deem advisable.
 
 
 21
 '1253c. Popply Day.
 
 
 22
 'One day in each year shall be designated and set apart for the proper authorities to conduct what is commonly known as Poppy Day.
 
 
 23
 '1253d. Penalty.
 
 
 24
 'Any person, firm, corporation violating any of the provisions of this ordinance shall be fined not less than $5.00, and not more than $200.00, and each day the violation continues or exists shall be deemed a separate offense.'
 
 
 25
 Plaintiffs contend that the 'right to disseminate information about such organizations as the Chicago Heart Association and to solicit funds to carry on its purposes is a right of free speech and press. It is a right which must be kept free of prior restraints through administrative censorship.'
 
 
 26
 They rely on Schneider v. State, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155, and Martin v. City of Struthers, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313.
 
 
 27
 They point out that the 1928 ordinance 'in sweeping terms bans any kind of campaign, be it on behalf of a church, social or medical organization, or other charitable cause, without the prior consent and direction of the City Council and is thus void on its face and repugnant to the First Amendment as embodied in the Fourteenth.'
 
 
 28
 Plaintiffs contend further that the ordinance provides no standards 'by which permission to solicit shall be either granted or withheld.'
 
 
 29
 Plaintiffs also challenge the ordinance because of its exemption of the Community Chest which is exempted specifically by name. They rely on Morey v. Doud, 354 U.S. 457, 464, 77 S.Ct. 1344, 1 L.Ed.2d 1485.
 
 
 30
 On the other hand, defendants contend that, by the 1928 ordinance, 'responsibility for the supervision of fund raising campaigns is retained by the city council, a legislative body. The issuance or denial of a canvasser's permit, therefore, requires the exercise of a legislative function. Its validity depends upon whether the legislative judgment is arbitrary or has some reasonable basis.' They cite Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233.
 
 
 31
 We find defendants' position in this respect vulnerable, in view of the fact that the 1928 ordinance contains no definitive standards or other controlling guides governing the action of the city council in granting or withholding a permit for charitable fund raising. As the court said in Staub v. City of Baxley, 355 U.S. 313, at page 322, 78 S.Ct. 277, at page 282, 2 L.Ed.2d 302, the granting or withholding of a permit, under such circumstances, is in the uncontrolled discretion of the city council. Speaking of such an ordinance, the court said, 355 U.S. at page 325, 78 S.Ct. at page 284:
 
 
 32
 '* * * It thus makes enjoyment of speech contingent upon the will of the Mayor and Council of the City, although that fundamental right is made free from congressional abridgment by the First Amendment and is protected by the Fourteenth from invasion by state action. For these reasons, the ordinance, on its face, imposes an unconstitutional prior restraint upon the enjoyment of First Amendment freedoms and lays 'a forbidden burden upon the exercise of liberty protected by the Constitution.' * * *'
 
 
 33
 We hold that, under the reasoning of Staub, the 1928 ordinance cannot stand.
 
 
 34
 We have no right, in deciding this case, to weigh in the balance the fairness or lack of fairness exhibited by the Park Ridge officials in administering the 1928 ordinance. We are here concerned only with the nature of the grant of authority to those officials which that ordinance by its terms bestows. The authority is exercisable in the uncontrolled discretion of the council. Moreover, it is obvious that the exemption of the Community Chest by name constitutes a deprivation of the equal protection of the laws. Morey v. Doud, 354 U.S. 457, 464, 470, 77 S.Ct. 1344, 1 L.Ed.2d 1485; City of Seattle v. Rogers, 6 Wash.2d 31, 106 P.2d 598, 130 A.L.R. 1498; Niemotko v. State of Maryland, 340 U.S. 268, 71 S.Ct. 325, 95 L.Ed. 267.
 
 
 35
 For these reasons, we hold that the ordinance known as 1253a, 1253b and 1253c of chapter 29, Article III, of the municipal code of Park Ridge, Illinois, as applied to plaintiffs, is repugnant to the fourteenth amendment to the constitution of the United States, and that the 1949 ordinance referred to herein is not applicable to plaintiffs. Accordingly, the judgment of the district court is reversed and this cause remanded to that court with directions to enter a judgment granting a permanent injunction restraining the enforcement by defendants of said 1928 and 1949 ordinances against plaintiffs, and declaring the rights of the parties as prayed by plaintiffs and set forth herein.
 
 
 36
 Reversed and remanded with directions.
 
 
 
 [1]
 Although the court found a lack of jurisdiction, it made findings of fact and conclusions of law
 
 
 [2]
 '1343. Civil rights
 'The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
 '(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.'
 
 
 [3]
 '2201. Creation of remedy
 'In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.'
 
 
 [4]
 There referred to as 1979
 
 
 [5]
 In Progress Development Corporation v. Mitchell, D.C., 182 F.Supp. 681, 694, two corporations sued to enforce rights guaranteed to them under the due process and equal protection of the laws provisions in section 1 of the fourteenth amendment. The district court held that the complaint stated a good cause of action and gave as a reason, inter alia:
 '* * * Rights guaranteed to 'persons' under the Constitution are guaranteed to corporations since the Supreme Court has repeatedly held that corporations come within that classification.'
 Upon appeal to this court, 7 Cir., 286 F.2d 222, 230, we said:
 'It is our considered judgment that the complaint on its face states a federal cause of action, Snowden v. Hughes, 1944, 321 U.S. 1, 7, 8, 10, 64 S.Ct. 397, 88 L.Ed. 497; Miles v. Armstrong, 7 Cir., 1953, 207 F.2d 284, 286, and that the resale policy of plaintiffs as found by the district court does not bar them from enforcing their rights under the relevant sections of the Civil Rights Act.
 'The Supreme Court has held that judicial proceedings enforcing racially discriminatory restrictive covenants by injunction or damage actions constitute state or federal action in deprivation of the equal protection of the laws. * * *
 'Plaintiffs * * * are claiming protection of their constitutional right to be free from discriminatory state action. the federal courts will entertain such a claim.'
 In Society of the Sisters of the Holy Names, of Jesus and Mary v. Pierce, D.C., 296 F. 928, 931, the district judge said:
 'Without refining as to the precise political rights that corporations, whether civil, religious, or educational, have and possess, and of right may assert and maintain, in this country, it is sufficient to say that it has been recognized by ample authority that, while not possessing the rights of citizens under the privileges, and immunities clause of the Fourteenth Amendment to the Constitution * * *, they do have the guaranty, along with citizens, that they shall not be deprived of their property without due process of law, nor be denied the equal protection of the laws * * *.'
 In affirming the district court, the United States Supreme Court in Pierce v. Society of Sisters, 268 U.S. 510, at page 536, 45 S.Ct. 571, at page 574, 69 L.Ed. 1070 said:
 '* * * Prevention of impending injury by unlawful action is a well recognized function of courts of equity.'
 
 
 [6]
 We agree with their assertion that the 1949 ordinance is not applicable to them. It is meant to apply to commercial canvassers and salesmen