Cavit OZLU, Plaintiff,

v.

**LOCK HAVEN HOSPITAL,**
Defendant.

Civ. No. 72–608.

United States District Court,
M. D. Pennsylvania.

Dec. 12, 1973.

See also, D.C., 60 F.R.D. 673.

Robert L. Martin, Bellefonte, Pa., for plaintiff.

J. Thomas Menaker, Harrisburg, Pa., for defendant.

## OPINION

MUIR, District Judge.

Plaintiff brought this diversity action on a breach of contract theory claiming that he was discharged from his employment with the Defendant hospital without notice or a hearing as allegedly provided by the contract between the parties. At the trial held on September 25–October 1, 1973, the hospital defended on the ground that Plaintiff substantially breached his contract prior to discharge. On October 1, 1973, a jury verdict in favor of Plaintiff was set aside as being against the great weight of evidence, and the case was reset for trial.

By Order dated November 7, 1973, the Court permitted Plaintiff to amend his complaint to assert a constitutional claim against the Defendant pursuant to the Civil Rights Act. This new theory of liability depends upon the same set of facts as the breach of contract claim. Before the Court is Defendant's motion for partial summary judgment concerning Plaintiff's constitutional claim.

■ The Defendant hospital is a non-profit corporation. In order to meet the "state action" requirement of the Civil Rights Act, Plaintiff alleges in ¶3 of Count I of the amended complaint that the hospital is a regular recipient of substantial federal funds under a program involving state supervision. Accompanying Defendant's motion for partial summary judgment are Defendant's sworn answers to interrogatories propounded by Plaintiff. The answers indicate that Defendant received $868,627.55 in Hill-Burton funds from 1960–1963. The only other federal or state money received by Defendant was for purchase of services on behalf of individual patients under such programs as Medicare. Defendant argues that receipt of Hill-Burton funds in 1960–1963 does not warrant a finding that its dismissal of Plaintiff in 1971 was action taken under color of state law.

Unanswered by the record before the Court is the amount and nature of the supervision exercised by the state, and whether in 1971 the hospital was subject to state supervision pursuant to the Hill-Burton program. The same issue was before the Court on a motion to dismiss in another case involving the Defendant, Hoberman v. Lock Haven Hospital, Civil No. 73–333. In an Order in that case dated November 19, 1973, it was stated that "the court will determine from the evidence presented whether receipt of Hill-Burton funds by Defendant Hospital clothed it 'with sufficient state authority to constitute state action.'" Citing Ward v. St. Anthony Hospital, 476 F.2d 671, 674 (10th Cir.

1973). In my view, a full factual presentation is also required in the case at bar.

■ ■ Defendant further contends that it is not a "person" within the meaning of the Civil Rights Act, and therefore not subject to suit under that act. 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .."

It is clear that states, counties, and municipal corporations are not "persons" subject to liability under 42 U.S.C. § 1983. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). However, the Court is aware of no case holding that an otherwise private hospital subject to state supervision under the Hill-Burton program is not a "person." In United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), the Court of Appeals for this circuit held that a city-owned and operated hospital was not subject to suit under 42 U.S.C. § 1983. In the same case, the cause of action against a private hospital was dismissed on other grounds. All of the cases discussing "state action" of hospitals receiving Hill-Burton funds apparently assume that the hospitals are "persons" within the meaning of the act. See, e. g., Sams v. Ohio Valley General Hosp. Ass'n, 413 F.2d 826, 828 (4th Cir. 1969); Ward v. St. Anthony Hospital, *supra;* Citta v. Delaware Valley Hospital, 313 F.Supp. 301 (E.D.Pa.1970). Finally it should be noted that corporations are considered "persons" for the purpose of bringing a § 1983 action. Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961). For the above reasons I have concluded that the Defend-

ant Hospital is a "person" under the Civil Rights Act.

An Order denying the motion for partial summary judgment will be entered.