Philadelphia Teachers' Association *v*. LaBrum, Appellant.

Argued May 25, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused August 28, 1964.

*Joseph W. Marshall,* for appellants.

*Peter Hearn,* with him *Pepper, Hamilton and Scheetz,* for appellees.

*Albert B. Gerber,* for Philadelphia Federation of Teachers, Local No. 3, A.F.T., AFL-CIO, under Rule 65.

*Daniel B. Pierson, V,* and *Lewis F. Adler,* for Pennsylvania State Education Association, under Rule 65.

OPINION BY MR. JUSTICE COHEN, July 31, 1964:

We here determine whether a school board's refusal to participate in the designation of an exclusive collective bargaining representative for the teachers it employs is a "grievance or controversy" within the meaning of the public employes anti-strike Act, and thus entitles those teachers to the convening of a grievance panel under the Act.

The Philadelphia Teachers' Association (Association) on behalf of its members, Philadelphia school teachers, requested appellant, Philadelphia Board of Education (Board), to join with it in the designation of an exclusive teachers' representative[1] to speak for all professional employees in the Philadelphia School District. The Board refused to honor this request. The Association, alleging that this refusal gave rise to a grievance within the provisions of the public em-

_____

[1] As used in this opinion, the phrase "exclusive teachers' representative" is synonymous with exclusive collective bargaining representative for teachers.

ployes anti-strike Act[2] (Anti-Strike Act), then requested the Board to convene a panel[3] as provided in the Act, to consider this grievance. The Board refused to convene the panel stating that the matter of an exclusive teachers' representative was a means of transmitting a grievance rather than a grievance itself.

Appellees, the Association and certain of its members, thereupon commenced the instant action in mandamus to compel the Board to convene a panel in accordance with the Act. The court below found for appellees and the Board appealed.

Although appellees frame the principal issue involved in this case as the right of school teachers in Pennsylvania to have exclusive collective bargaining representatives, it is clear from the pleadings and the exhibits appended thereto that no collective bargaining agent has as yet been selected to represent all of the teachers in the Philadelphia School District. Thus, the right of public employees to have such representatives is an issue which is not necessarily before this Court and we do not reach this question. The grievance alleged by appellees is the Board's refusal to honor the Association's request that the Board participate with the Association in the designation of an exclusive teachers' representative, and we shall address ourselves to the narrow question of whether the failure of the Board to comply with this request constitutes a grievance within the meaning of our Anti-Strike Act.

We have been faced with the question of the scope of the grievance procedure provided for in the Anti-Strike Act in only one prior case. In *Pittsburgh City Fire Fighters Local No. 1 v. Barr,* 408 Pa. 325, 184 A.

---

[2] Act of June 30, 1947, P. L. 1183, §1, as amended, 43 P.S. §215.1 (Supp. 1963).

[3] The panel provided for consists of three members, one selected by the employees, one by the governmental agency and one selected by the other two members.

2d 588 (1962), this Court determined that in view of the absence of collective bargaining in public employment the words "grievance or controversy" in the Act could not be read to coincide with the scope of grievance procedures in private industry. We held that grievance in the Act contemplated "not merely the day-to-day complaints which normally are settled by the grievance procedure in the industrial context. Rather, in the governmental situation, these grievances also concern the main elements of an employment relationship—wages, hours, working conditions, etc.,—matters which in the industrial situation are determined in the collective bargaining agreement." 408 Pa. at 332, 184 A. 2d at 592. While we thus broadly construed the words "grievance or controversy" in the Act, it is clear that the refusal of a public employer to participate in the designation of an exclusive bargaining representative is not a grievance within this interpretation.

In the Pennsylvania Labor Relations Act,[4] the legislature has excluded private employers from participation in the designation of collective bargaining representatives by outlining a selection process in which the employees involved (aside from possible Labor Board intervention) are the sole participants.[5] Indeed, the attempt by a private employer to influence the selection of such a representative may constitute an unfair labor practice.[6] "It has repeatedly been held that an employer may not intrude in matters concerning the self-organization of his employees. He must refrain

---

[4] Act of June 1, 1937, P. L. 1168, §§1-15, 43 P.S. §§211.1-211.13.

[5] Ibid, §7, 43 P.S. §211.7. Notice, however, that under §7(c) of the Act (43 P.S. §211.7(c)) an employer who has not committed an unfair labor practice may request the Pennsylvania Labor Relations Board to certify, upon investigation, the proper bargaining representative where a controversy thereover has arisen.

[6] See, e.g., *Harrison Sheet Steel Co. v. National Labor Relations Board*, 194 F. 2d 407 (1952) and *National Labor Relations Board v. Burry Biscuit Corporation*, 123 F. 2d 540 (1941).

from all interference. He must maintain a strictly neutral attitude."[7] Hence, the selection of an exclusive collective bargaining representative is both by law and by ethics an activity in which the employer may not properly be permitted to engage.

In the *Fire Fighters* case we read the words "grievance or controversy" to include those matters which are proper subjects of grievance or collective bargaining in the private context. In the private context the selection of an exclusive bargaining representative is not a subject of grievance or collective bargaining because both grievance proceedings and collective bargaining contemplate the participation of the employer, participation which, as above indicated, is proscribed. Hence, the Board's refusal to join the Association in the selection of an exclusive teachers' representative did not generate a grievance or controversy and the refusal of the Board to convene a panel as requested by the teachers to air a non-existent grievance or controversy was not such an act as would compel the issuance of the writ.

It is to be emphasized that what we have here said is directed only to the issue of Board's refusal to join the Association in the selection of an exclusive bargaining representative as a subject of grievance. The school teachers of Philadelphia are not foreclosed from conducting their own election for the purpose of selecting a bargaining agent to represent them. However, we must note our serious doubt as to the Board's authority to recognize or bargain exclusively with a representative so selected.[8] While we do not decide

---

[7] *Harrison Sheet Steel Co. v. National Labor Relations Board,* 194 F. 2d at 410.

[8] See *Norwalk Teachers' Association v. Board of Education of City of Norwalk,* 138 Conn. 269, 83 A. 2d 482, 31 A.L.R. 2d 1133 (1951); Annot. 31 A.L.R. 2d 1142-1180 (1953); *In re Richfield Federation of Teachers v. Richfield Education Association,* 263 Minn. 21, 115 N.W. 2d 682, 50 L.R.R.M. 2399 (1962); Report of

whether the failure of the legislature to act on the subject of collective bargaining in public employment coupled with its passage of the Labor Relations Act and the Anti-Strike Act indicates a policy as to exclusive representation and collective bargaining in the public sector, appellees would be well advised to consider these factors before embarking upon an alternative route to the goal they seek in this litigation.

Judgment reversed.

Mr. Justice ROBERTS concurs in the result.

the American Bar Association Committee on Labor Relations of Governmental Employees, in 1963 Proceedings of the ABA Section of Labor Relations Law; Cornell, Collective Bargaining by Public Employee Groups, 107 U. of Pa. L. Rev. 43 (1958)