## DeSensi v. Osborne

*Jubelirer & Savage*, for plaintiffs.

*Reed, Smith, Shaw & McClay*, for defendants.

SWEET, P. J., February 10, 1966.—Anthony De-Sensi, a former employe of the Street Department of

the City of Washington, who is now retired, and Teamsters Local No. 585 have brought an action in mandamus against the Councilmen of the City of Washington to compel them to comply with the arbitration procedures of the Act of June 30, 1947, P. L. 1183, as amended, 43 PS §215.1. On April 12, 1965, council furloughed DeSensi. On May 25, 1965, DeSensi filed an application with the City of Washington Retirement Board to be retired effective May 1, 1965, and his application for retirement was approved as of that date. Not until June 21, 1965, did DeSensi file his complaint in mandamus.

The Teamsters Union alleges that on September 11, 1961, they obtained recognition by an instrument signed by two of the defendants, Amos and Ward, and three former councilmen, Krause, Metzner and Morris, who have since been replaced by Osborne, Anderson and Wilson, respectively.

DeSensi and the union allege in count no. 1 that the action in furloughing him, DeSensi, constitutes a grievance within the meaning of the Act of 1947, supra, and that, although DeSensi's counsel has requested defendants to arbitrate this grievance, defendants have failed to respond to the request or take action.

Count no. 2 avers that on April 12, 1965, city council withdrew recognition from plaintiff union, and concludes that this was without just cause and constitutes an unfair labor practice. Plaintiff union avers that defendants' action in withdrawing recognition constitutes a grievance within the meaning of the Act of 1947, and that its request for an appointment of an arbitration panel has been ignored.

Thus, it can readily be seen that this complaint in mandamus joins two almost totally unrelated controversies. DeSensi seeks arbitration of the action by which he was furloughed. The union seeks arbitration of the action by which its recognition was withdrawn.

Defendants Osborne, Amos, Anderson, Ward and Wilson, filed preliminary objections. In an extremely well-written brief, Mr. Scheinholtz suggests that this controversy raises four questions:

"1. Does a retired municipal employee possess the status to require and participate in the grievance procedure provided by the Act of June 30, 1947, P. L. 1183, 43 P. S. 215.1 et seq.?

"2. Under the facts alleged in the Complaint, did the action of the defendants in furloughing the individual plaintiff violate any duty to him which would constitute a controversy or grievance within the meaning of the said Act?

"3. Does the said Act apply to a claim by a labor union for continued recognition by a municipality?

"4. Under the facts alleged in the Complaint, did the action of the defendants in withdrawing recognition from the plaintiff union violate any duty to it which would constitute a controversy or grievance within the meaning of the said Act?"

We think all these issues are germane. We see another: Is the action of the 1961 council (i.e., Krause, Amos, Ward, Metzner and Morris) on September 11, 1961, so binding on the city administration of 1965 (consisting then of Osborne, Amos, Anderson, Ward and Wilson), that the 1965 council could not withdraw recognition granted in 1961?

The first inquiry suggested hereinabove is decisive of the DeSensi case. When DeSensi sought and obtained voluntary retirement, he ceased to be an employe. Accordingly, he lacks status necessary to bring the present action. In Broadwater v. Otto, 370 Pa. 611 (1952), it was held that a discharged public employe does not possess the status entitling him to require and participate in the grievance procedure. A fortiori, a voluntarily retired, former employe has no such status. See also Lawson v. North Versailles Township Board

of Commissioners, 113 Pitts. L. J. 185 (1964), which holds that "Neither the wrongful discharge nor the indefinite suspension of a municipal employee is a grievance within the meaning of the Act of 1947, providing, *inter alia*, for a procedure for the adjustment of grievances of public employees".

DeSensi's case likewise fails to meet the analysis demanded by question two. No statute provides plaintiff with any guarantee of employment with the Street Department of the City of Washington. The so-called collective bargaining agreement affords DeSensi no shelter because, if valid, and at most, it constitutes only an agreement of recognition. It gives DeSensi himself no seniority or other rights. Having neither statutory nor contractual right to continued employment, his dismissal would give him no cause of action: Ruch v. Wilhelm, Commissioner, 352 Pa. 586 (1945), and, obviously, mere furloughing could not afford him any better cause of action than discharge.

We think it an untenable position that the recognition action of council in 1961 was irrevocably binding upon the city for all time to come. In the period between September 11, 1961, and April 12, 1965, three of the five members of council changed. Its political complexion was somewhat altered, and it well may be that its views also changed. To hold that such an agreement as this unilateral declaration of recognition was binding forever on the city, and could not be altered or changed by subsequent proper council action, would be to accord such action a preferential status above any other action of the city. A moment's reflection will show that this proposition is totally inconsistent with responsible representative government.

It has been decided in a long line of Pennsylvania cases that in the performance of sovereign or governmental, as distinguished from business or proprietary functions, a municipal body or board cannot take ac-

tion which will bind its successors: Scott v. Philadelphia Parking Authority, 402 Pa. 151 (1960) ; Mitchell v. Chester Housing Authority, 389 Pa. 314 (1957) ; McCormick v. Hanover Township, 246 Pa. 169 (1914) ; Moore v. Luzerne County, 262 Pa. 216 (1918) ; Born v. Pittsburgh, 266 Pa. 128 (1920).

The general rule applicable to a contract of employment is that where the individual employe will be subject to the supervisory control of the municipality and also subject to being removed by the municipality, the making of such a contract involves a governmental function and may not be extended beyond the life of the municipal body: 10 McQuillin Municipal Corporations, §29.101. Pennsylvania has recognized this principle: McCormick v. Hanover Township, 246 Pa. 169 (1914). See Scott v. Philadelphia Parking Authority, supra. Thus, in Hanover Township, supra, it was held that a contract between the "lame duck" supervisors of a township and an attorney for legal services to be rendered after the commencement of a new fiscal year, when a new board would be in office, was beyond the power of the contracting board and was invalid.

Although we find no case which precisely involves the question whether an agreement to recognize a union involves, like a contract of employment, the exercise of a governmental instead of a proprietary function, it is clear that it should be characterized as a governmental function. See Philadelphia Teachers' Association v. LaBrum, 415 Pa. 212 (1964). The function of recognizing a union as the exclusive representative of a group of city employes would necessarily be performed by the city council as the agent of the municipality. The council would not be purchasing supplies or acting in a proprietary way within the usual meaning of that term, but, rather, would be functionin its sovereign or governmental capacity.

Both the Pennsylvania Labor Relations Act of June

1, 1937, P. L. 1168, sec. 3, 43 PS §211.3, and the National Labor Relations Act, as amended, specifically exclude municipalities from coverage and, therefore, the union's claims that this defendant's action in withdrawing recognition violated these acts is without merit. Even if this unilateral statement be accorded the standing of an agreement, it was of indefinite duration, and, hence, was terminable at will. See Cummings v. Kelling Nut Company, 368 Pa. 448 (1951); Slonaker v. P. G. Publishing Company, 338 Pa. 292 (1940). It should also be noted that a mere agreement to recognize, rather than a general collective bargaining agreement, is accorded virtually no weight under the National Labor Relations Act; e. g., Ryan Industries, 100 NLRB 1455 (1952).

We accordingly answer question three in the negative and hold that the grievance procedures of the Act of 1947 do not apply to a claim by a union for continued recognition by a municipality. This holding is in compliance with the mandate of Philadelphia Teachers' Association v. LaBrum, supra. That case determined that the refusal of a school board to participate in the designation of an exclusive bargaining representative for the teachers it employed is not a grievance or controversy within the meaning of the Act of 1947.

We also answer the fourth proposition in the negative, holding that the action of defendants in withdrawing recognition from the plaintiff union did not violate any duty to it which would constitute a grievance. The union, as such, cannot have any rights separate from that of an individual employe. See 43 PS §215.1(a). It already having been determined that DeSensi has no standing to proceed, the union cannot proceed in his stead.

All the foregoing, it must be remembered, refers to a controversy in which a retired municipal employe is

seeking to utilize grievance procedures against the city. Nothing herein contained is of general applicability to private employment. The rights of public employes to strike, to picket, to arbitrate, etc., must be weighed on different scales from the rights of private employes. The ultimate power of the then-elected officials to determine such matters as wages, hours and conditions of employment cannot be abrogated or abridged, else the ultimate drain upon the public purse would be determined by other than elected officials. Neither a democratic society nor a republican form of government can yield this ultimate power of government to any nonelected group. By the same token, the officials of 1961 cannot pass on to the officials of 1965 or 1985 or 2005 irrevocable policy determinations.

In accordance with the foregoing, preliminary objections of defendants are sustained finally. The complaint of plaintiffs is dimissed at plaintiffs' cost, without more.

Concurring: McCune and Curran, JJ.