**SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, Laura M. Herold and Sara G. Russell, Plaintiffs,**

v.

**The COUNTY OF BUTLER, PENNSYLVANIA; Leon Gant, Jr., Charles T. Chew and James A. Green, Butler County Commissioners; Sunnyview Home of Butler County, and W. H. McCune, Superintendent of Sunnyview Home of Butler County, Pennsylvania, Defendants.**

**Civ. A. No. 69-1155.**

United States District Court
W. D. Pennsylvania.

Dec. 3, 1969.

Herman L. Foreman, Pittsburgh, Pa., for plaintiffs.

Lee C. McCandless and Frank P. Krizner, Butler, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiffs, being an unincorporated labor association and two of its members, have brought this action against the County of Butler, its three Commissioners in their official capacity, and a supervisory employee of the County. Jurisdiction is claimed under the Civil Rights Act of 1871 [42 U.S.C.A. § 1983]. The cause of action asserted is that the individual defendants, in their official capacities as County Commissioners and Superintendent of the County home, have harassed and discriminated against employees who are members of plaintiff Union and have discharged the two individual plaintiffs from employment, solely because of their membership and activities in said labor union. Defendants have moved to dismiss on several grounds.

The Complaint alleges a discharge from employment because of membership in the labor association. Plaintiffs do not allege the breach of any contract of employment, or the denial of protection of any civil service or tenure statute. It is admitted that their employment was at will. Does such an allegation state a cause of action under the Civil Rights Act of 1871 [42 U.S.C. A. § 1983]. We believe that such a cause of action has been recognized in the reported decisions dealing directly with similar situations, as well as the general judicial construction of the Act. In American Federation of State, County, & Municipal Employees, AFL–CIO v. Woodward, 406 F.2d 137 [8th Cir., 1969], it was held that a complaint alleging discharge from public employment because of membership in a labor union stated a cause of action under the Civil Rights Act of 1871. It held that the action of the employer deprived the plaintiffs of rights, privileges and immunities secured them by the Constitution of the United States, the right of a citizen to associate with other citizens for any lawful purpose. Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 [1965]. Union membership is protected by the right of association under the First and Fourteenth Amendments. Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430 [1945]. Plaintiffs to establish jurisdiction under the Civil Rights Act must allege that defendants acted under color of law. Because it is averred that the defendant County Commissioners and the defendant Superintendent acted in their official capacity in the hiring and firing of County employees, the plaintiff has sufficiently averred that defendants acted under "color of law". Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 [1961]. In the *Woodward* case the defendant Woodward was the City Commissioner of the Street Department, having the power of hiring and discharge of employees as part of his official duties.

Also in McLaughlin v. Tilendis, 398 F.2d 287 [7th Cir., 1968], the allegation that plaintiff, a non-tenure school teacher, was dismissed because of his membership in a union, stated a claim under the Civil Rights Act of 1871.

There is no public policy in Pennsylvania restricting union membership of public employees. "Public employees while prohibited from *striking* are not prevented from the formation of employe unions or restricted from lawful activities therein." Broadwater v. Otto, 370 Pa. 611, 88 A.2d 878 at p. 881 [1952]. See also Phila. Teachers' Ass'n v. Labrum, 415 Pa. 212, 203 A.2d 34 [1964].

Thus stated, the allegation of this Complaint states a cause of action under the Civil Rights Act of 1871. Are all of the plaintiffs proper parties? We note that in *Woodward,* supra, both the union and the employees were parties plaintiff, as here, and no question of proper parties was raised. We find no necessity that the union be party to a contract with an employer, as is required for jurisdiction under Sec. 301 et seq. of the Labor-Management Relations Act, 29 U.S.C.A. § 185 et seq., because that Act is not the basis of jurisdiction alleged here. Nor is an employment contract essential to this cause of action. Similarly, in McLaughlin v. Tilendis, cit. supra, no objection was raised to the inclusion of the union as a party plaintiff. The plaintiff union here faces real disadvantage from the alleged action of the defendants, its membership and financial support may be affected adversely, therefore it has standing to complain on behalf of its members. National Ass'n for Advancement of Colored People v. Alabama ex rel. Patterson, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 [1958]. Smith v. Bd. of Education, 365 F.2d 770 [8th Cir., 1966].

We find no requirement that the administrative procedure provided by the Civil Rights Act of 1964 [42 U.S.C. A. § 2000e et seq.] be followed. That

Act applies to discrimination because of an individual's race, color, religion, sex or national origin, none of which are alleged here.

Defendants also move to dismiss as to the various categories of defendants named i.e.:

(a) The County of Butler, a municipal corporation;

(b) Sunnyview Home of Butler County, an institution owned, operated, maintained and controlled by Butler County;

(c) Leon Gant, Jr., Charles T. Chew, and James A. Green, Commissioners of Butler County, Pennsylvania, acting in their official capacity;

(d) W. H. McCune, Superintendent of Sunnyview Home acting in his official capacity.

As to Sunnyview Home we have no evidence as to its legal capacity as an independent entity subject to suit sufficient to determine whether or not it is a separate legal entity from the County of Butler, and we will, therefore, treat the Sunnyview Home as an alter ego of the County of Butler until evidence to the contrary appears.

 As to the County of Butler, Defendants allege it is not a "person" within the meaning of the statute and is therefore not amenable to suit under § 1983, relying on Monroe v. Pape, supra. However, municipal corporations are proper parties to such a suit when the relief sought is injunctive or a declaration of rights, and not monetary damages. Adams v. City of Park Ridge, 293 F.2d 585 [7th Cir., 1961]; Atkins v. City of Charlotte, 296 F.Supp. 1068 [W. D.N.C.1969]. Although the requests in the complaint for reinstatement of the individual plaintiffs and the enjoining of Defendants' interference with Plaintiff Union's organization of the Sunnyview employees are clearly equitable, the question is whether the prayer for back pay is a request for "monetary damages". Plaintiff argues that back pay is not a tort remedy, is authorized in labor relations cases by the Taft-Hartley Act, 29 U.S.C.A. § 160(c) and is routinely

awarded by the National Labor Relations Board and enforced by the Courts. It had been held in a suit brought under § 1983 that a request for back pay is an integral part of the equitable remedy of reinstatement and the amount thereof should, therefore, be decided by a court and not a jury. Smith v. Hampton Training School for Nurses, 360 F.2d 577, 581 [4th Cir., 1966]. This principle, however, has been criticized as inaccurate in view of the Supreme Court decision in Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 2065 [1962], saying that any request for a money judgment is an inherently legal remedy, Harkless v. Sweeny Independent School District, 278 F.Supp. 632, 637 [S.D.Tex.1968], a § 1983 suit. Although these cases deal with the issue of the right to a jury trial on back pay as an element of damages and are, therefore, not strictly applicable to our case, they do shed light on the construction to be given to the "monetary damage" limitation giving immunity to municipal corporations under § 1983 as set forth in Monroe v. Pape, supra. However, their impact here is solely to demonstrate that this Court may not be able to give the Plaintiffs all the relief they ask for as against the County and Sunnyview. In any event they could be allowed equitable relief against these Defendants. The motion to dismiss as to the County of Butler and Sunnyview Home must be denied.

 As to the County Commissioners and the Superintendent of the Sunnyview Home, Defendants urge that they, too, are not amenable to suit under this statute as they are not "persons" within the meaning of the statute. However, these individuals are sued in their official capacity as public officials and are alleged to have deprived the Plaintiffs of rights, privileges and immunities guaranteed to them by the Constitution and Statutes of the United States. Allegations such as these state a cause of action against these defendants under § 1983. Board of Trustees of Ark. A & M College v. Davis, 396 F.

2d 730 [8th Cir., 1968]. Whether or not the qualified immunity of acts done in good faith can be asserted by these defendants as a defense is a factual matter that can only be resolved by a trial. See McLaughlin v. Tilendis, supra. The motion to dismiss as to the individual defendants will be denied.

In all, the Complaint states a cause of action under the Civil Rights Act of 1871, the parties plaintiff and defendant are all properly joined and the allegations of the Complaint are sufficient to require Defendants to answer.