**John M. BODOR and Ruth Ann Bodor, his wife**

v.

**EAST COVENTRY TOWNSHIP et al.**

**Civ. A. No. 70-3458.**

United States District Court, E. D. Pennsylvania.

April 28, 1971.

Lawrence Sager and Albert Der-Movsesian, Pottstown, Pa., for plaintiffs.

Thomas M. Twardowski, West Chester, Pa., for defendants.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Presently before the Court is Defendants' Motion to Dismiss and/or Motion for Summary Judgment. The Plaintiffs, who are residents of East Coventry Township, Chester County, Pennsylvania, have filed a Civil Rights Complaint against their township and its Supervisors. In their complaint, Plaintiffs pray for declaratory, injunctive, and compensatory relief and seek to have declared unconstitutional the township's zoning ordinance and building code ordinance. Plaintiffs pray a three-judge court be designated pursuant to 28 U.S.C. 2281 and 2284.

A three-judge court may only be convened if there is a substantial, nonfrivolous attack upon the constitutionality of a state statute, but not otherwise. Swift & Co. v. Wickham, 382 U.S. 111, 115, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). Moreover, the term "statute," as employed in Section 2281, does not encompass municipal ordinances. Ascheim v. Quinlan, 314 F.Supp 685, 689 (W.D.Pa. 1970); Landry v. Daley, 280 F.Supp. 929, 937 (N.D.Ill.1967); Moody v. Flowers, 387 U.S. 97, 101–102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1966); Ex parte Collins, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990 (1928). Attacks upon the ordinances of a governmental subdivision are triable only before a single judge court. Ascheim v. Quinlan, 314 F.Supp. 685, 689 (W.D.Pa.1970). Therefore, Plaintiffs' request that a three-judge court be convened is denied.

As to the issue of declaratory, injunctive, and compensatory relief, Plaintiffs pray this Court restrain the Defendants from preventing Plaintiffs' establishment of a seventy foot by twelve foot mobile home as a permanent single-family residence on a four acre tract of land in East Coventry Township. Jurisdiction over the parties and subject matter is premised on the Civil Rights Act, 42 U.S.C. 1981 et seq. and the Interstate Commerce Clause of the United States Constitution.

The Defendants move for dismissal and/or summary judgment on four grounds:

1. The Court lacks jurisdiction over the parties and subject matter of the present action.

2. The Defendant Supervisors are immune from suit.

3. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

4. The Court should abstain from assuming jurisdiction over a municipal zoning and building dispute where Plaintiffs have failed to exhaust their administrative and judicial remedies available under the ordinances and laws of the Township of East Coventry and the Commonwealth of Pennsylvania.

I. Lack of Jurisdiction Over the Parties and Subject Matter.

As to the first ground, Defendant East Coventry Township asserts that a municipal corporation is not a "person" within the meaning of the Civil Rights Act and is therefore not subject to the jurisdiction of the act. The law is clear that Plaintiffs cannot recover money damages from a municipal corporation; however, when injunctive or declaratory relief is sought a municipal corporation is subject to suit under the Civil Rights Act. Service Employee's International Union, AFL–CIO v. County of Butler, Pennsylvania, 306 F.Supp. 1080 (W.D.Pa.1969); Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C. 1969); Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir., 1961). Plaintiffs' Complaint raises the substantial constitutional issues of due process of law and equal protection under the law in that in order for Plaintiffs to avail themselves of the administratives remedies provided in the township's zoning ordinance and building code ordinance, Plaintiffs would allegedly have to pay a $750.00 filing fee. Plaintiffs' conjugal annual income, after taxes, is $8,000.00. Clearly, a filing fee which equals approximately ten percent of Plaintiffs' annual income acts as a bar to their ad-

ministrative remedies. Jurisdiction, in the face of such a bar, is properly founded upon the Civil Rights Act as a deprivation of due process and equal protection under the law.

In the light of the Court's decision as to proper jurisdiction under 42 U.S.C. 1981 et seq., we do not find it necessary to comment on the allegation of jurisdiction under the Interstate Commerce Clause of the United States Constitution.

**II. Immunity of Supervisors from Suit.**

■ As to the issue of the immunity of the Defendant Supervisors, said Supervisors enjoy a qualified immunity based upon "good faith" performance of their governmental functions. The issue of "good faith" performance is a factual matter and can only be resolved at trial and cannot properly be disposed of in a motion to dismiss. Service Employee's International Union, AFL–CIO v. County of Butler, Pennsylvania, supra.

**III. The Complaint Fails to State a Claim upon which Relief can be Granted.**

■ Plaintiffs have alleged facts which, if proved, establish a concerted effort by the Board of Supervisors of East Coventry Township to preclude the review of their Zoning and Building Code Ordinances through the establishment of a prohibitive filing fee. Such an allegation sets forth a claim upon which relief can be granted.

**IV. The Doctrine of Abstention.**

■ As to the doctrine of abstention, this Court finds that there are proper administrative remedies available to Plaintiffs, in that, Section 910 of the Pennsylvania Municipalities Planning Code, 53 Purdon's Statutes 10910, provides:

Except as provided in section 912, relating to variances, the board shall have no power to pass upon the validity of any provision of an ordinance or map adopted by the governing body. Recognizing that challenges to the validity of an ordinance or map may present issues of fact and of interpretation which may lie within the special competence of the board, and to facilitate speedy disposition of such challenges by a court, the board may hear all challenges wherein the validity of the ordinance or map presents any issue of fact or of interpretation, not hitherto properly determined at a hearing before another competent agency or body, and shall take evidence and make a record thereon as provided in section 908. At the conclusion of the hearing, the board shall decide all contested questions of interpretation and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court.

Obviously, the Plaintiffs have adequate remedies through the Zoning Hearing Board under the township's zoning ordinance and as provided for in Article IX of the Pennsylvania Municipalities Planning Code. Moreover, the township's building code provides for a five man board to adjudicate building code disputes.

However, none of these administrative remedies are available when a prohibitive filing fee has been established so as to preclude appeals to these boards. Therefore, this Court finds that adequate administrative remedies are not available to Plaintiffs, and we will not invoke the doctrine of abstention.

Defendants' Motion to Dismiss will be denied and the cause brought on for trial. However, the only issues the Court will entertain at trial are the reasonableness of the filing fee and the "good faith" performance of the Supervisors. The Plaintiffs will have the burden of proving whether or not the fee is arbitrary, capricious, and a bar to due process and equal protection in order to justify injunctive or declaratory relief, and Plaintiffs will have to prove a departure from "good faith" performance on the part of the Supervisors to justify monetary recovery.

And now, to wit, this 28th day of April, 1971, it is ordered that the Defendants' Motion to Dismiss and/or Mo-

tion for Summary Judgment be and the same hereby is denied. It is further ordered that this cause is set for trial on Tuesday, May 11, 1971, at 10 A.M. in Courtroom 11.