**Dorothy HOOTS, individually and as mother of her children Janelle Hoots and Jamie Hoots, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PENNSYLVANIA et al., Defendants.**

Civ. A. No. 71–538.

United States District Court,
W. D. Pennsylvania.

Dec. 8, 1971.

R. Stanton Wettick, Jr., Neighborhood Legal Services, Pittsburgh, Pa., for plaintiffs.

Alfred C. Maiello, Pittsburgh, Pa., for Hallenberg, Allegheny City Board of School Directors and Pennsylvania State Board of Education, and W. Deming Lewis.

Frederick N. Frank, Asst. Atty Gen. of Commonwealth of Pennsylvania, Lee A. Donaldson, Jr., Pittsburgh, Pa., for Allegheny Intermediate Unit and Hallenberg.

OPINION

WEBER, District Judge.

Plaintiffs' Complaint contains allegations that:

(a) In preparing and adopting the school reorganization plans defendants intentionally and knowingly created racially segregated school districts.

(b) In preparing and adopting the school reorganization plan the defendants failed to take steps to eliminate racial imbalance.

(c) In preparing and adopting the school reorganization plans the defendants failed to consider and make findings with respect to the racial characteristics of the new

districts which they were creating.

(d) In preparing and adopting the school reorganization plan the defendants compelled the formation of an economically deprived school district which does not have the resources to provide education opportunities commensurate with the adjoining school districts and thus deprives plaintiffs of equal educational opportunities.

All defendants filed motions to dismiss but that of the Commonwealth of Pennsylvania has been withdrawn.

The remaining defendants allege in support of their motions:

1. The Complaint fails to state a cause of action.

■ We have no doubt that the allegations of deliberate creation of a racially segregated school district state a cause of action, and that the remaining allegations are ancillary and supportive of this claim. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 [1954]; Taylor v. Board of Education of City School District of New Rochelle, 294 F.2d 36 [2nd Cir., 1961]; Brewer v. School Board of City of Norfolk, 397 F.2d 37 [4th Cir., 1968].

■ While defendants argue that plaintiffs' complaint does not contain a short simple statement of the cause of action, we do not believe that it is subject to dismissal because it pleads so much material that is evidentiary.

2. The corporate parties defendant, being political subdivisions of the Commonwealth are not "persons" subject to suit under the Civil Rights Act and are not proper parties defendant.

■ While the right to maintain suit for monetary damages against municipal corporations or political subdivisions has been denied under the Civil Rights Acts this denial has been limited to relief for monetary damages and has not been applied where the relief sought is injunctive in nature. See: Service Employees International Union A.F.L.–C.I.O. v. County of Butler, 306 F.Supp. 1080 [W.D.Pa., 1969].

Moreover, this complaint avers that the suit is brought for injunctive relief to redress a deprivation of a right granted by the Fourteenth Amendment to the Constitution of the United States. As was recently stated by the Court of Appeals for this circuit:

"While the Civil Rights law is rightfully stressed in the complaint, violation of the Fifth, Sixth and especially the Fourteenth Amendments are firmly a part of plaintiffs' cause and are never discarded. The language of the complaint could have perhaps been sharper in spots but that is no dispositive Federal practice error. As it stands the complaint makes the clear charge that John Scher was not accorded due process under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution." (p. 744.) Scher v. Board of Education of Town of West Orange, 424 F.2d 741 [3rd Cir., 1970].

As cited in the above opinion:

" 'A case brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.' Holmes v. N. Y. C. Housing Authority, 2 Cir., 398 F.2d 262, 265."

Broadly stated, we have a case arising under the Constitution of the United States, over which the United States District Courts have original jurisdiction under 28 U.S.C. § 1331(a).

3. The separate defendants raise individual defenses as to the grounds of liability asserted against them dependent upon the nature and character of their particular individual or corporate functions.

■ But the complaint alleges acts by each of the defendants, either as corporate bodies or as individuals which participated in or led to the formation of the

school district under attack. This allegation is sufficient to hold each party as a defendant in the suit until such time as evidence is produced which relieves that particular defendant from providing the action to secure the injunctive relief sought.

In particular, the Allegheny County School Board alleges that it no longer exists. However, we are in no position at this time to determine whether any liability may be imposed for actions allegedly taken during the period of its corporate existence. A corporate body may have a continued responsibility after its functions have been transferred.

4. The complaint fails to name necessary parties-defendants.

Defendants aver that the complaint fails to join as necessary parties either the adjoining school districts created by the reorganization plan, which might be affected by any relief granted, or the General Braddock Area School District which is the reorganized entity of which plaintiffs complain. Defendants reply that these school districts have no rights in or property interest in their existing boundaries. They were created without their own assent, and they may be altered similarly. While these districts might intervene in this action under Fed.R. of Civ.P. 24 if they so desire, the court does not find their absence from this action as a practical matter impairs their ability to protect such interests as they have.

The court takes note from the pleadings that prior state court proceedings were instituted by the individual school boards involved in this reorganization in which they raised objections which were dismissed in the state courts. The constitutional issues now raised were not raised in those state court proceedings.

We have considered all of the objections raised and find none of them sufficient to require dismissal of this complaint. The general rule applicable to all of such objections is that a complaint should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to relief under any set of facts which could be proved in support of his claim. Frederick Hart & Co. Inc. v. Recordgraph Corp., 169 F.2d 580 [3rd Cir., 1953].