Sherman **BROWN**, Jr. by his guardian ad litem, et al., Plaintiffs,

v.

Gale **AMES** et al., Defendants.
No. 5–71 Civ. 109.

United States District Court,
D. Minnesota,
Fifth Division.

Feb. 24, 1972.

See also 346 F.Supp. 1176.

Robert E. Elion, Leech Lake Legal Services Project, Cass Lake, Minn., for plaintiffs.

Smith, McRae & Hilligan, by Thomas M. Hilligan, Bemidji, Minn., for defendants.

NEVILLE, District Judge.

This court made and entered an order in the above case on January 25, 1972 in which it was held that under the doctrine of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), dismissal was required of this civil rights action for wrongful arrest brought under 42 U.S.C. § 1983 as to the Village of Cass Lake, Minnesota. Plaintiffs' counsel has filed a motion to vacate such order assigning error on the court's part.

Plaintiffs proceed on the theory that under Minnesota Statutes § 466.02 enacted in 1963:

"... every municipality is subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function."

Therefore it is thus clear that under Minnesota State law a municipality could be sued in damages for alleged wrongful conduct on the part of police in effecting arrest subject however to certain limitations and the notice provisions of Minn.Stat. 466.05. From this premise it is reasoned that Monroe v. Pape did not intend to bar suits against municipalities as here where under the local law no immunity exists if proper 30-day notice has been given—which this complaint here so alleges; that by way of analogy, were a diversity action to be brought, the court under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), following State law would deny immunity and entertain the suit if the claim had been properly noticed and action timely brought; that Congress so intended when enacting section 1983 and other sections of the civil rights act. There is in fact no diversity of citizenship in the case at bar and plaintiffs' counsel, realizing this, has advanced an additional argument i. e., pendent jurisdiction, which was dealt with in this court's previous order and memorandum.

The court has reread Justice Douglas' majority opinion in Monroe v. Pape and cannot glean from it any support for plaintiffs' argument. In the opinion a lengthy review is made of the Congressional debates at the time of the adoption of the civil rights law in 1871; reference is made to the proposed Sherman amendment which would have rendered liable counties, parishes and municipalities. This proposal was flatly rejected by the House of Representatives and the Douglas opinion quotes from a Mr. Poland speaking for the House Conferees: "... that that section imposing liability upon towns and counties must go out or we should fail to agree." Apparently the desirability as well as the question of constitutional power of Congress to impose civil liabilities upon municipalities was vigorously debated. The Supreme Court does not reach these questions.

Plaintiffs would have this court determine, though the United States Supreme Court refused so to do, that Congress was ill advised or wrong in doubting its constitutional power or that as a policy matter it reached a poor result in excluding municipalities from liability. The arguments are set forth in the Douglas opinion that remedies against public officers alone "are conspicuously ineffective" and that imposing liability on municipalities will have a therapeutic effect on police conduct. The court clearly said it would not consider these policy questions. Whatever power Congress may or may not have had, it flatly chose not to exercise it.

Justice Douglas says:

"The City of Chicago asserts that it is not liable under § 1979. We do not stop to explore the whole range of questions tendered us on this issue at oral argument and in the briefs. For we are of the opinion that Congress did not undertake to bring municipal corporations within the ambit of § 1979. [42 U.S.C. § 1983]

. . . . . .

The response of the Congress to the proposal to make municipalities liable for certain actions being brought within federal purview by the Act of April 20, 1871, was so antagonistic that we cannot believe that the word 'person' was used in this particular Act to include them." 365 U.S. at 187 and 191, 81 S.Ct. at 484 and 486.

■■ It does not lie with this court to hold that Congress should have determined that it had constitutional power or should have adopted some other policy. Since it didn't, this court will not "correct" Congressional action—particularly in the face of a United States Supreme Court decision—and will not treat the law as though Congress had either been mistaken in its prerogative or unwise in its determination not to include municipalities. The *Monroe* doctrine has been on the books for nearly 11

years now, and Congress, aware of the decision, has not seen fit to amend the law. If Congress believes it ought to amend the law—and this court would agree that there may well be wisdom behind the policy to make municipalities liable—then it may do so, or at least provide liability where under State law a municipality has no immunity from suit if timely notice provisions are complied with.

Plaintiffs' counsel cites and relies *in extensio* on a case decided by Judge Bazelon in the District of Columbia, Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971). That opinion proceeds on the premise that sovereign immunity of municipalities should fall under the aegis of the civil rights act. There is no doubt that it is supportive in part at least of plaintiff's position. It is noted, however, that reference therein specifically is made to the unique character of the District of Columbia which is governed by Congress itself and over which it has complete legislative jurisdiction and concludes "thus the considerations that lead the *Monroe* court to exclude ordinary municipalities from the ambit of section 1983 have no application to the district."

The Supreme Court in Monroe v. Pape drew no distinction between cases where state law had or had not abolished municipal immunity.

A host of cases has followed in support of the reasoning of Monroe v. Pape in relation to Section 1983 suits. See Garren v. City of Winston-Salem, 439 F.2d 140 (4th Cir. 1971); Harkless v. Sweeny Indep. School Dist., 427 F.2d 319, 321–323 (5th Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L. Ed.2d 439 (1971); Dailey v. City of Lawton, 425 F.2d 1037 (10th Cir. 1970); Adams v. City of Park Ridge, 293 F.2d 585 (7th Cir. 1961); Service Employees Int'l Union v. County of Butler, 306 F. Supp. 1080 (W.D.Pa.1969); Atkins v. City of Charlotte, 296 F.Supp. 1068 (W.D.N.C.1969); Comment, Injunctive

Relief Against Municipalities Under Section 1983, 119 U.Pa.L.Rev. 389 (1970).

Plaintiffs' argument that 42 U.S.C. § 1988, another civil rights section, ingests state law causes of action or remedies into Section 1983 actions, though espoused in *Carter* is not persuasive and was not recognized nor mentioned in Monroe v. Pape. See also Brown v. Town of Caliente, 392 F.2d 546 (9th Cir. 1968); Wilcher v. Gain, 311 F.Supp. 754 (N.D.Cal.1970). See however a well written note in 56 Minn.L.Rev. 1201 (1971), criticizing the results of Monroe v. Pape and from which plaintiffs' counsel obviously has borrowed portions of his argument as to plaintiffs' claims. It would seem to this court that if Section 1988 ingests state law into Section 1983, by its very terms it does so only " . . . so far as the same is not inconsistent with the Constitution and laws of the United States . . .." The Supreme Court decision of Monroe v. Pape is a determination of what the law of the United States is, and it would seem that Section 1988 is thus by its terms proscribed and inapposite to the case at bar.

It is not of course here that plaintiffs have no remedy against the Village of Cass Lake. If their case is well grounded and their contention is correct as to the effect of the Minnesota Statute § 466.02 and if timely notice was given under Minn.Stat. § 466.05, the State Courts were and are open to them and they are perfectly free to pursue a recovery there. There is no showing nor it would seem could there be that in Minnesota, differing from the situation in the southern states after the civil war, a citizen cannot or will not get a fair trial in the Minnesota courts. Accordingly,

It is ordered That plaintiffs' motion for rehearing and to vacate be denied without further hearing and the case shall stand for trial as indicated in the court's original order of January 25, 1972.