## Seymour Appeal

*Labron K. Shuman,* for appellants.

*E. Dillwyn Darlington,* for Lower Southampton Township.

RUFE, J., July 13, 1972.—Appellants here request a determination of which party shall pay the costs of preparing a transcript pursuant to an appeal from a decision of the Lower Southampton Township Zoning Hearing Board. At a Rule *27 conference, the parties stipulated that the costs of transcript questions only should be resolved at this time, with the merits of the appeal to be resolved subsequently when the transcript is filed. At the conference, the court referred the matter to argument before the court en banc. However, the court has subsequently determined that the requested ruling is preliminary, and, therefore, the matter is being considered by this writer alone under Rule *266.

In this case, Lower Southampton Township Super-

visors adopted a change of zoning which appellants here, a taxpayers' group, appealed to the Lower Southampton Township Zoning Hearing Board pursuant to section 910 of the Pennsylvania Municipalities Planning Code of July 31, 1968 (No. 247) 53 PS §10101, et seq. At the hearing before the zoning hearing board a court reporter recorded all proceedings, but no transcript of the record was ordered by the board, allegedly because appellants here had apparently failed to, or refused to, pay the costs of an earlier transcript from a prior unrelated hearing. The board apparently believed the township might again get stuck for the transcript costs as it allegedly had in the prior case. A township resolution (No. 264) squarely places the costs of transcripts on appellants where any appeal is taken, as does section 908(7) of the Municipalities Planning Code, 53 PS §10908(7).

In this case, appellants have paid the $100 appeal fee called for in resolution no. 264, but the deficiencies are estimated to be approximately $250-$260, depending on the actual cost of the transcript when completed. Appellants contend the township should bear this expense. We disagree. See Kreitz et al. v. Zoning Board of Adjustment et al., 4 Com. Ct. 602 (1972).

Appellants have referred us to Bodor et ux. v. East Coventry Township, et al., 325 F. Supp. 1102, a case squarely on point on the procedural question. However, the court there was concerned with a prohibitive filing fee and a resultant possible denial of procedural due process rather than actual costs. In addition, the District Court for the Eastern District of Pennsylvania in that case required further proceedings to determine whether procedural due process was, in fact, denied to appellants, and also to inquire into the good faith of the supervisors in fixing the filing fee.

In this case, we will give appellants leave to file an appropriate petition raising either of the questions deemed proper in the Bodor case, but absent such further proceedings, the transcript, if requested, shall be paid for by appellants pursuant to Lower Southampton Township Resolution No. 264 and section 908(7) of the Municipalities Planning Code, or the appeal shall be considered by the court on the present record without the transcript, as neither the Pennsylvania Municipalities Planning Code, supra, nor Bucks County Rule of Civil Procedure 27B(2)(b), requires transcription of the record. Accordingly, we enter the following

### ORDER

And now, to wit, July 13, 1972, appellants in the above action are granted 20 days leave within which to file either an appropriate petition raising the question of denial of procedural due process because of the transcript costs, or notice that appellants are causing the record to be transcribed and subsequently filed as a part of the record in this case, or notice that this appeal shall be considered upon the present record without benefit of a transcript of the testimony before the Lower Southampton Township Zoning Hearing Board.