[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE CT Page 2838 FIRST SPECIAL DEFENSE OF DEFENDANT PFIZER, INCORPORATED
I
The plaintiff, Stephen Farago, filed an amended seven-count complaint on July 30, 1993, against the defendants, Pfizer, Incorporated (Pfizer) and Theodore Nikolla. The plaintiff alleges these facts: The plaintiff is a chemical operator at Pfizer. In 1991 the plaintiff and his wife, Karen Farago, sought marriage counseling from Pfizer's `in-house' marriage counselor, Nikolla. The couple attended counseling sessions on Pfizer's property with Nikolla for two months. Nikolla told the couple that only Karen had a problem and that the plaintiff could discontinue counseling. Relying on Nikolla's advice, the plaintiff stopped meeting with Nikolla, while Karen continued counseling on a weekly basis. During the course of counseling, Nikolla pursued Karen Farago and eventually began an intimate relationship with her. As a result, Karen informed the plaintiff that she wanted a divorce.
Counts one through four of the amended complaint are against Pfizer. Count one is based on negligent supervision and control of Nikolla; count two is based on negligent hiring of Nikolla; count three is based on negligent failure to ensure that the counseling provided was consistent with the standards of the marriage counseling profession; and count four is based on intentional infliction of emotional distress. Counts five through seven are against Nikolla. Count five is based on breach of fiduciary duty; count six is based on breach of professional duty; and count seven is based on intentional infliction of emotional distress.
Previously, Pfizer moved to strike counts one through three of the original complaint on the ground that the Workers' Compensation Act (WCA) barred the actions or, in the alternative, on the ground that the plaintiff had not alleged any facts to show that Nikolla's acts were foreseeable by Pfizer; and moved to strike count four on the sole ground that the WCA barred the action. The court (Teller, J.) granted the motion as to counts two and three on the ground that the plaintiff had failed to allege foreseeability on the part of Pfizer. The court denied the motion as to count one since the CT Page 2839 plaintiff had alleged foreseeability. The court also denied the motion as to count four since the WCA does not bar claims against employers for the employer's intentional acts.
In its first special defense, Pfizer alleges that the plaintiff's claims in counts one through three are barred by the WCA. In its second special defense, Pfizer alleges that it neither authorized nor ratified Nikolla's conduct.
The plaintiff moved to strike Pfizer's first special defense. Each filed a memorandum of law.
 II
A motion to strike is the proper procedure to attack the "legal sufficiency of any answer to any complaint, counterclaim or cross claim, or any part of that answer including any special defense contained therein. . . ." Practice Book 152(5); see also Passini v. Decker, 39 Conn. Sup. 20, 21
(1983). A motion to strike "must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v. Bashura, 37 Conn. Sup. 745, 748 (1981). In ruling on a motion to strike, the trial court may only consider the grounds specified in the motion. Blancato v. Feldspar Corporation, 203 A.2d 34, 44 (1987); Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
"The purpose of a(special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff had no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73 (1992), citing Practice Book 164. "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." (Citation omitted.) Country Federal Savings Loan Assn. v. Eastern Associates,3 Conn. App. 582, 586 (1985). The defendant must plead sufficient facts in support of its special defenses. See Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201,208-09 (1985). A motion to strike is proper where the special defenses are not supported by factual allegations. Giuliano v. Bourgoin Insurance Agency Co., Inc., 5 CSCR 618, 619 (July 20, 1990, Hammer, J.)
In the present case, the plaintiff argues that Pfizer's CT Page 2840 first special defense should be stricken because it is legally insufficient. The plaintiff argues further that the court has previously ruled that the WCA does not bar the plaintiff's claims and, therefore, the law of the case doctrine governs the present motion to strike.
The previous ruling by the court on the defendant Pfizer's motion to strike was directed at counts one through four. See Farago v. Pfizer, Inc., Superior Court, Judicial District of New London at New London, Docket No. 524911 (May 18, 1993). The court did not explicitly rule on whether counts one through three were barred by the WCA. Id. In determining whether the WCA barred count three, the court ruled than even if the alleged injuries were covered by the WCA, "[t]he plaintiff has not pled facts in the complaint sufficient for this factual analysis to be made. Id. Specifically, the plaintiff's complaint does not include facts as to where the plaintiff's injuries took place or where the counseling sessions with the wife took place." Id. The court held that it could not rule on the WCA argument without additional facts in the pleadings, but granted the motion as to counts two and three on the ground that the plaintiff had failed to allege foreseeability on the part of Pfizer. Id. Since the earlier motion to strike did not decide whether the WCA bars counts one through three, the law of the case doctrine is inapplicable to the present motion to strike. See Rosenblit v. Danaher, 206 Conn. 125, 132-34 (1988).
Pfizer has not alleged any subordinate facts in its first special defense. Therefore, Pfizer's special defense to counts one through three does not satisfy the necessary elements of a special defense. See Practice Book 164. Pfizer has not brought forth facts consistent with counts one through three sufficient to show the nonexistence of a cause of action, but instead has pleaded a legal conclusion. Furthermore, neither the plaintiff's complaint nor the defendant's special defense, even when taken together, allege sufficient facts to determine whether the plaintiff's injuries arose out of or in the course of his employment; and it appears doubtful, under the unique circumstances of this case, whether it may be done.
For the reasons states, the plaintiff's motion to strike Pfizer's first special defense is granted.
Teller, J. CT Page 2841